IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERNESTO G. VALENZUELA,

    Defendant.

CV 16-567 RB/WPL
CR 11-2824 RB

**ORDER DENYING MOTION TO STAY**

Plaintiff United States of America filed an Amended Opposed Motion for Stay of Proceedings Pending the Supreme Court's Decision in *United States v. Beckles*. (Doc. 5.)[1] Defendant Ernesto Valenzuela filed a Second Amended Response in Opposition (Doc. 8), and the United States filed a Reply (Doc. 9).

Valenzuela's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 argues that his career offender enhancement under the residual clause of U.S.S.G. § 4B1.2 violates due process of law because his conviction for residential burglary fails to match the enumerated offense of burglary of a dwelling in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). (*See* Doc. 1.)

*Johnson* found unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. *Madrid*, in turn, "held that *Johnson*'s invalidation

---

[1] All citations refer to filings in the civil case. The criminal case contains identical filings.

of the unconstitutionally vague residual clause in the ACCA led to the same result for the career-offender Guideline." *In re Encinias*, 821 F.3d 1224, 1225 (10th Cir. 2016) (discussing *Madrid*).

The United States argues that a stay is appropriate because "the decision in *Beckles* will determine whether Defendant may seek relief in this proceeding based on *Johnson*." (Doc. 5 at 1.) The Petition for Writ of Certiorari in *Beckles* presents three questions for review:

> (1) whether *Johnson* applies retroactively in the context of the Guidelines's residual clause;
>
> (2) whether *Johnson* renders the Guidelines's residual clause void for vagueness, such that *Johnson*-based challenges in that context are cognizable in § 2255 proceedings; and
>
> (3) whether, post-*Johnson*, a federal sentence may nonetheless be enhanced for mere possession of a sawed-off shotgun because that offense is listed as a crime of violence in the Guidelines commentary.

No. 15-8544, 2016 WL 3476563, at *5 (Mar. 9, 2016); *see also* No. 15-8544, 2016 WL 1029080, at *1 (June 27, 2016) (granting cert). As case support, the United States cites a Tenth Circuit order abating appeal pending resolution of *Beckles* in *United States v. Rollins*, No. 15-1459, ECF No. 10385315 (10th Cir. July 5, 2016). (*Id.*) The *Rollins* docket also contains an order filed the next day granting the appellant's motion to reconsider but "[n]evertheless" holding that "this matter shall remain abated . . . until the United States Supreme Court issues its opinion in *Beckles v. United States*." *Rollins*, No. 15-1459, ECF No. 10385837 (10th Cir. July 6, 2016).

Valenzuela responds that he will be prejudiced by a stay because, if his § 2255 motion is granted, he will have been incarcerated longer than the minimum adjusted guideline range. (*See* Doc. 8 at 3.) As case support, Valenzuela cites a Tenth Circuit order denying request for stay in *United States v. Evans*, No. 16-1171, ECF No. 10388504 (10th Cir. July 14, 2016).

*Rollins* is less instructive than *Evans*. Rollins did not argue that he would be prejudiced by a stay, probably because he would not be eligible for immediate release if the court granted

2

his § 2255 motion. *See* Appellant's Supplemental Brief, *Rollins*, No. 15-1459, ECF No. 10373353, at 4 (May 27, 2016) (calculating that if he prevailed on his § 2255 *Johnson* claim his adjusted sentence would be 130-162 months' imprisonment to begin in June 2015). Evans, on the other hand, argued that he would be prejudiced because he "has already over-served the bottom of th[e] *Johnson*-adjusted Guideline range[, and i]f the government's stay request is granted, [he] will almost certainly over-serve the top of the *Johnson*-adjusted Guideline range before he can be resentenced." Opposition to Motion to Abate, *Evans*, No. 16-1171, ECF No. 10388148, at 3 (July 13, 2016). The Tenth Circuit denied the United States' request for stay in *Evans*, but did not provide analysis. *See* Order, *Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016). Nevertheless, *Evans* is more similar to Valenzuela's situation and compels that same result. A stay would unfairly prejudice Valenzuela given the reduced length of his *Johnson*-adjusted sentencing range and possibility of immediate release. In addition, recent unpublished Tenth Circuit authority indicates that mandamus relief is warranted when a district court enters a stay in this situation, which further suggests that entering a stay would prejudice Valenzuela. *See United States v. Carey*, --- F. App'x ---, ---, 2016 WL 6543343, at *1 (10th Cir. Nov. 4, 2016) (unpublished) ("constru[ing claimant's] notice of appeal as a motion for mandamus . . . [and] direct[ing] the district court to vacate its stay order and rule on the merits of [the] § 2255 motion."). The United States' Motion for Stay (Doc. 5) is denied.

    IT IS SO ORDERED.

                                                                   William P. Lynch
                                                                   United States Magistrate Judge